## L. SIMON & CO. v. W. J. McDONALD.

### No. 8121.

**Mortgage Held Valid.**—A mortgage of a stock of goods to a trustee, with power to sell and apply the proceeds to the payment of the claims of named creditors, is not invalid by reason of the following paragraph in the instrument: "The said W. J. McDonald (trustee) is to proceed at once, after taking invoice thereof, to sell said goods and property for cash, either at wholesale or retail, or in job lots, and in either or all of said ways, so as to realize the money therefor in the speediest way consistent with the interest of all concerned." The instrument was attacked on the alleged reason that sales could only be made at private sale and in regular course of business.

APPEAL from Lamar. Tried below before Hon. E. D. McCLELLAN.

*Dudley & Moore,* for appellants.—Under the provisions of the written instrument shown by the record in this case, the trustee, W. J. McDonald (to whom the property described in said instrument was transferred), was empowered to and could sell such property only at private sale, in the regular course of mercantile business. Such restrictions and limitations upon the power of the trustee to sell postpone the execution of the trust for an indefinite time, hinder and delay Klipper's creditors in the collection of their debts, and render the instrument void as to such creditors. Gallagher v. Goldfrank, 75 Texas, 565; Gregg v. Cleveland, 17 S. W. Rep., 777; State v. Mueller, 10 Mo. App., 87; Hardin v. Osborn, 60 Ill., 102; Keep v. Sanderson, 2 Wis., 42; Bank v. Inloes, 7 Md., 380; Jones v. Syer, 52 Md., 211; Hart v. Crain, 7 Paige, 37; Rinscoff v. Grugenheim, 3 Cold., 284; Dunham v. Waterman, 17 N. Y., 9; Storm v. Davenport, 1 Sanf., 135; Nicholson v. Leavitt, 6 N. Y., 510; Barney v. Griffin, 2 N. Y., 365; Rapolel v. Stuart, 27 N. Y., 311; Bingham v. Gillengort, 13 N. Y., 215; Truett v. Caldwell, 3 Minn., 364; Gear v. Murray, 6 Minn., 305; Blakelee v. Rossman, 43 Wis., 116; Robinson v. Elliott, 22 Wall., 513; Booth v. Nair, 14 Mich., 19; Pierson v. Manning, 2 Mich., 445; Wait on Fraud. Con., secs. 11, 331; Bump. on Fraud. Con., 412, 415; 2 Perry on Trusts, 4 ed., secs. 602g, 602p, 602y, 602dd.

*H. D. McDonald,* for appellee.—1. The provisions of the mortgage as to the mode and manner of sale, allow a selling at private or public sale by not prescribing either. They vest in the trustee a wise and wholesome discretion as to the mode, manner, and time of sale, and quantity in which goods shall be sold; expressly provide against any unnecessary delay in the enforcement of the trust or the postponement of other creditors, by requiring the trustee to proceed at once (after taking inventory) to sell the goods for cash, either at wholesale, retail, or in job lots, and in either or all of said ways, so as to realize the money therefor in the

speediest way consistent with the interest of all concerned. Said provisions are lawful, and in no manner impair the validity of the mortgage, and many mortgages containing similar provisions have been sustained by the Supreme Court of Texas. Jackson v. Harby, 65 Texas, 710; Haas v. Kraus, 75 Texas, 106; Dupuy v. Burkitt, 78 Texas, 338; Hudson v. Milling Co., 79 Texas, 401; Stiles v. Hill, 62 Texas, 430; Watterman v. Silberberg, 67 Texas, 100; Reagan v. Aikin, 138 U. S., 109; Bump. on Fraud. Con., 3 ed., 59, 408, 412, 413, 416; Smith v. Beattie, 31 N. Y., 542; Jones on Chat. Mort., sec. 354.

2. The doctrine and the decisions sought to be applied by the appellants to this case apply only, when applicable at all, to common law assignments for the benefit of creditors, where the title passes absolutely, and nothing is left in the mortgagee which can be levied on, and not to a chattel mortgage, which under our law is but a mere pledge. Watterman v. Silberberg, 67 Texas, 100; Hudson v. Wilkinson, 61 Texas, 606, Smith v. Beattie, 31 N. Y., 542; Jones on Chat. Mort., 3 ed., 59, 408–416; Rev. Stats., art. 2296.

STAYTON, Chief Justice.—This is an agreed case, in which the only question involved is, whether a mortgage of a stock of goods by David Klipper to W. J. McDonald, with power to sell and apply the proceeds to the payment of the claims of named creditors, is invalid by reason of the following paragraph in the instrument:

"The said W. J. McDonald is to proceed at once, after taking invoice thereof, to sell said goods and property for cash, either at wholesale, retail, or in job lots, and in either or all of said ways, so as to realize the money therefor in the speediest way consistent with the interests of all concerned."

The views of counsel for appellants are set forth in the following proposition inserted in the brief:

"Under the provisions of the written instrument shown by the record in this case, the trustee, W. J. McDonald (to whom the property described in said instrument was transferred), was empowered to and could sell such property only at private sale, in the regular course of mercantile business. Such restrictions and limitations upon the power of the trustee to sell postpone the execution of the trust for an indefinite time, hinder and delay Klipper's creditors in the collection of their debts, and render the instrument void as to such creditors."

It seems to us that the paragraph of the instrument above quoted confers on the trustee the most ample power to sell either at public or private sale, and in quantities large or small, with a view to an early realization of a fair price for the goods.

There is nothing to indicate an intention to restrict the trustee to private sales. Goods may be sold at "wholesale," either by private or pub-

lic sale, whether we give to that word its more general or restrictive meaning; and so may they be sold at " retail," which means in small quantities as well as to consumers

So may they be sold in " job lots," by which we understand to have been meant parcels of goods such as are bought from wholesale dealers to sell to retailers.

We do not well see how the power could have been made more ample as to the mode or urgent as to the speedy completion of sale.   He was directed to " proceed at once " and to realize " in the speediest way consistent with the interests of all concerned," and to sell " in either or all of said ways."

There was no error in the matter complained of, and the judgment must be affirmed.

*Affirmed.*

Delivered June 10, 1892.